All right, Ms. Engbloom, we have no appellee participation here, so you're on your own. So there won't be any rebuttal because you have nothing to rebut. So you may commence. Thank you. This appeal stems from a reopening order, but a reopening order that purports to not reopen the case and at the same time refuses for the court to take jurisdiction over a major unscheduled asset. And I'm mindful that the court is familiar with the facts, but I say here that the facts are, I think, unique and important in that the bankruptcy court ruled that an inside owner's failure to schedule a major $1.7 million claim, an asset of the estate, followed by entry of orders in December 2014 that were the product of a representation from that insider and the debtor that there were no assets. But that defeats the bankruptcy court's subject matter jurisdiction and now leaves it powerless to administer this newly revealed estate asset. Such a ruling, if affirmed, will encourage insider gamesmanship and will give future wrongdoers precedent to argue that the bankruptcy court lacks subject matter jurisdiction to remedy that wrong, even when it's brought to light at a later time. But the asset was not, first of all, I guess two questions. First one, and then I'll ask the second one. First one is, the nature of the alleged malpractice here was malpractice in pre-petition advice or post-petition advice? Pre-petition. They sought advice about whether to file for bankruptcy and were given advice around that. And it related to a receivership motion that was being heard in state court and whether they could get a Chapter 11 on file in time to stop that action. They are alleging that the advice they received was negligent, then they went and retained different counsel and did file for their Chapter 11s for both entities. But it is that meeting and legal advice that they got about a week or two before they actually filed that is the absolute only thing that is at issue. And it accrued at that moment. And while on the motion for summary judgment in state court, they did object and argue that it was not pre-petition in a recent filing in the bankruptcy court, they have averred that it is a pre-petition asset. All right. Because there is a difference of opinion going through the courts now about whether bankruptcy advice is a pre-petition or post-petition asset, but your position is it is squarely pre-petition. Correct. Okay. Go ahead. I wasn't sure if you said you had a... I know it was, but I'm going to let you go ahead. Okay. Okay. So when the Cambridge Land Entities filed their Chapter 11 cases in the fall of 2013, Mr. O'Kane was the majority member and sole manager of both LLCs. He's a longtime member of the California Bar. The co-plaintiff, his wife, is a lawyer and actually worked at the firm that is one of the appellants as a bankruptcy practitioner. Both LLCs were represented in their Chapter 11 cases by another lawyer who specializes... Okay, but how is this information relevant to your views on appeal? We know this. We read the records. Sure. We know. Thank you. We think that this is particularly relevant to the representation that was made in seeking a dismissal of the original bankruptcy. Okay, because the wife was a bankruptcy practitioner, so she knew that this was an asset, is what you're saying, and she should have disclosed it. Well, and then five months later, yes, and five months later, they start sending demand letters trying to monetize this asset. All right. So why are we here today, I guess is my question. First of all, you represent the defendant in litigation, litigation that has to be concluded someplace, and you're saying it was wrong for the bankruptcy court not to administer this asset. I'm not really sure why it matters to you. In other words, what is your client's standing to say this? You are not going to benefit by having it determined in the bankruptcy court. Your client is not a creditor, and it has to be decided somewhere. So it's either going to be decided in the state court or the bankruptcy court. It doesn't really matter to you where. There's going to be a resolution. So that's the first question. Why do you care? What is your client's standing to even raise this other than it's just for policy reasons bad? Sure. And agree that the forum is, and that's not why we're here with some forum selection kind of argument or motivation. But in the state court, the plaintiffs are the Okanes, and as successors and interests to the post-bankruptcy entities. Describing them in the complaint, just the Okanes say that they are successors and interests to those LLCs. And that means that the estates are not in front of the state court. That puts the appellants in a then and ongoing to this day violation of the stay. There's no stay. The case was dismissed. There is no stay. There is no estate. There's no bankruptcy estate. Zero. Well, we think with the reopening, even this hybrid reopening and the scheduling of the asset, there certainly is an estate. The dismissal was not vacated. Section 349 provides that the assets are returned to the debtor, whether they're disclosed or not. They're returned to the debtor. There is no estate. And this turns on the interpretation of Judge Paris' order, which contemplates that it closed and dismissed. It contemplates a reopening. Certainly, the judge, the bankruptcy court, agreed that it's a dismissal. We are arguing that it was a close. And therefore, this asset was a part of the estate. It was clearly dismissed. I mean, there's no question that it was dismissed. I don't think that order is capable of any ambiguous reading in that regard. It was dismissed. And then as an administrative matter, it was closed because dismissal doesn't necessarily close everything. So how can you argue that the plain language of that order is anything other than a dismissal, first and foremost, with some incidental closing? Two things. I would say that we read it more broadly than that, partly because there is language in the order that says the court will not entertain a motion to reopen or a motion for reconsideration unless all fees are paid. You can't reopen a dismissed case. You reopen a closed case. And so the fact that it includes this language contemplates that this was a closure. We also think that, notwithstanding Section 349, that in this case, where a major asset was hidden from the bankruptcy court, there was an environment in there pleading, seeking a disposal. You don't necessarily want to characterize it as a major asset, do you? Think about it. Well, I understand that the appellants are in the crosshairs of that liability. And your client, if it's a major asset, your client's on the hook for a lot of money then, I guess, right? I'm just saying I don't think that's your best argument. A major claim or a claim of litigation, but I wouldn't be calling it a major asset if I was you. I understand. So our position is that without the estates being a part of the litigation, that we are concerned that any resulting judgment could be collaterally attacked. Oh, what do you think's at stake here? Well, I think besides the potential, as I've just described, the potential for the appellants to expend all of this effort and both parties' time and money litigating a case when the proper plaintiffs are not involved, we certainly think that the integrity of the bankruptcy system is at stake here. When you have a representation that there are no assets to get a dismissal, I guess, and then benefit from a section 349 dismissal, which is the path that's being laid out here, that that is... Well, isn't that just saying that, hey, there's inconsistent positions and somebody shouldn't be allowed to get away with inconsistent positions, right? That's right. But isn't that something the state court can figure out? In other words, some kind of bad faith defense in the state court? A stopper. Our concern is that this could be considered void and or collaterally attacked at the end of the day if it's allowed to continue in this... I mean, at this point now, the cases have been reopened in a sense. This asset has been scheduled. The bankruptcy court is refusing to administer that asset, which we think is a required second step of reopening. But if it was... It can't administer it because the case is dismissed. Just deal with the fact that I think we have a common view that we're dealing with a dismissed case. So assume that that's my assumption. How could he administer it in a closed case? There is no estate. Okay. As a technical matter, they added it to the schedules. If some creditor was interested in it, I suppose that creditor could have then moved to set aside the dismissal. No one did. The United States trustee didn't. The taxing entities didn't. So haven't we dotted our I's and crossed our T's to the extent there was any problem with the timing and the bankruptcy and the lack of scheduling? Seems like that's all done. Move on, citizens. Well, we respectfully disagree that the effect of that order was an outright dismissal and that under the facts here, that should not be allowed to stand. But you're not arguing that it was a conversion to Chapter 7, are you? No. I'm just pondering what it would mean if that order wasn't a dismissal. I mean, thinking about the bankruptcy superstructure that hasn't been in place, everything these people have done for the past umpty years, your entire litigation is void. It just is impossible to me to assume that a court in what's apparently a standard order and similar to one that's probably in every court would be in any way use loose language in connection with a dismissal because the consequences of dismissal are so profound. And the concept that you keep coming back to, maybe it's bankruptcy fraud, maybe there's a criminal sanction out there someplace fulfilling to list this, but the reason we want assets administered or unadministered assets in a case where the debtor gets a discharge is because creditors didn't have a fair shot at them. When we dismiss a case, the debtor's assets stay with the debtor and any creditor who wants them can go out and get them. So anybody could have gone out and attached their assets, done whatever. I'm just, it seems to me what you want us to do is to inject incredible confusion into thousands, if not tens of thousands of cases where I don't think it correctly is found. Well, we think that the Chapter 11 estates should be substituted in and that would resolve the issue. I don't think that that would cause confusion in that broad way. So that's an issue for the state court though, right? You want the Chapter 11 cases as plaintiffs in the state court litigation? Well, and we raised that with the state court judge and he said, you need to go back to the bankruptcy, you, the plaintiff entities, need to go back to the bankruptcy court and determine the ownership of this asset. And then the bankruptcy judge, in our opinion, has decided to disavow jurisdiction. Hasn't the bankruptcy judge in effect determined the ownership of the asset? In effect saying whatever it is, it's not the bankruptcy system's asset? And if that is the decision flowing from his order, that's what we're appealing. Okay. Okay. Thank you. Okay. All right. Any other questions? We're at the end of the time. All right. Thank you for your argument and this will be submitted. Thank you. Thank you, Your Honor. Thank you.
judges: Taylor, Brand, Klein